## BAXTER v. GILSON COLLINS CO.

(City Court of New York, General Term.   March 28, 1899.)

SALE—FAILURE TO DELIVER—EVIDENCE OF DAMAGES.

Where, in an action to recover for lumber furnished under a contract, defendant pleads that only a portion of the lumber which plaintiff was to furnish was in fact delivered, and that he was damaged by such failure to deliver, evidence that defendant bought the lumber to use in fulfillment of a contract with a third person, to the knowledge of plaintiff, is admissible.

Appeal from trial term.

Action by George S. Baxter against the Gilson Collins Company. There was a judgment for plaintiff, and defendant appeals.   Reversed.

Plaintiff sued to recover for lumber sold defendant.  Defendant admitted sale and delivery, but set up, as a defense, that the lumber was delivered in partial fulfillment of a special contract, that plaintiff failed to deliver all the lumber under the contract, and that defendant was damaged in a certain amount; and offered to show that defendant required the lumber to fulfill a contract with a third person, to the knowledge of the plaintiff, and that he was injured by his inability to furnish such third party with the lumber because of the failure of plaintiff to perform his contract.  Evidence as to such knowledge on the part of plaintiff was excluded, and judgment rendered for plaintiff.

Argued before FITZSIMONS, C. J., and HASCALL, J.

J. J. McKelvey, for appellant.

A. L. Snider, for respondent.

HASCALL, J.   Exception taken to questions calling for immaterial testimony may be disregarded in considering this appeal.   The actual terms of the contract for supply of materials, existing between vendee and a third person, do not affect the merits of this cause, until we arrive at consideration of defendant's counterclaim. It is the knowledge of plaintiff of the existence of such a contract with a stranger, and the disposition of the goods which defendant was to make after delivery to it by plaintiff, that should have determined the court below in making its rulings.   Such special knowledge was a feature that might indicate, to all parties, the use to which defendant was to put the goods, and became an element of the contract between the plaintiff and defendant, to be considered in establishing damages, if any, suffered by the vendee for the nondelivery, or late delivery, of the lumber in question.   We think that the defendant should have had opportunity to substantiate its alleged counterclaim; and, this being withheld, by erroneous rulings of the court, a new trial must be ordered.   Judgment and order appealed from reversed, and new trial ordered, with costs and disbursements to appellant to abide the event.

FITZSIMONS, C. J., concurs.